UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THOMAS CROCKETT                                                                   PETITIONER
ADC #080478

V.                              NO. 5:18-cv-00210-JM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                               RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 habeas Petition[1] filed by Petitioner, Thomas Crockett ("Crockett"). *Doc. 1*. He attacks a prison disciplinary conviction

---

[1] The Court considers Crockett's habeas Petition as being filed under 28 U.S.C. § 2254 even though he used a pre-printed form for a § 2241 Petition. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (a person in custody pursuant to the judgment of a State court "can only obtain habeas relief through § 2254, no matter how his pleadings are styled").

he received while incarcerated in the Maximum Security Unit of the Arkansas Department of Correction ("ADC").[2] *Doc. 1*.

On December 15, 2017, Crockett received a major disciplinary charging him with failure to obey staff order(s), refusing a direct verbal order to leave or enter any area, resisting apprehension, battery on staff, and possession of a cell phone. The charges stemmed from ADC Captain Nicola Kelly's contention that, while conducting a security check, she observed Crockett laying in his bed, with a pillow on top of his head, holding what appeared to be a cell phone. As she attempted to seize the object from Crockett, he grabbed it back from her, "ran to the toilet and flushed the phone." Crockett then refused her order to "submit to restraint." *Doc. 1, p. 10*.

On December 28, 2017, Crockett appeared at a disciplinary hearing, denied all the charges, and read a statement into the record.[3] *Doc. 1, p. 11*. The hearing officer found Crockett guilty of failure to obey verbal orders of staff, resisting apprehension, battery on staff, and possession of a cell phone. The hearing officer

---

[2] The ADC website, https://apps.ark.org/inmate_info/index.php, indicates that Crocket is serving a sentence of life imprisonment imposed following a first degree murder conviction from Phillips County, Arkansas in March of 1983.

[3] Crockett's statement is reported as follows in the report of the disciplinary hearing:
> She did not discharge any mace. I obeyed all orders. I was not told to enter or leave an area. I did not run from them. I only walked by them. I did not possess a package of tuna. There is not proof of a phone. There is not an infirmary report. She was not hurt.

*Doc. 1, p. 11*.

sentenced Crockett to: (1) 17 days' punitive isolation; (2) a reduction in classification from IC to IV; (3) loss of commissary, phone and visitation privileges; and (4) a loss of 500 days of good-time credit. *Id.*

Crockett appealed the disciplinary hearing officer's decision to the Warden, the Disciplinary Hearing Administrator, and then to Wendy Kelley, the Director of the ADC. All three affirmed. *Doc. 1, p. 13-14.*

On August 17, 2018, Crockett filed the habeas Petition now before this Court. In his first claim, he contends his procedural due process rights were violated because the ADC gave him the wrong form, an ISSR 100, rather than form F-831-1, to initiate the disciplinary proceeding. In claims two through four, Crockett asserts that he is "actually innocent" of the charges of possessing a cell phone, committing battery on staff, and resisting apprehension. Crockett asks this Court to reverse the disciplinary, expunge it from his records, and release him from administrative segregation. *Doc. 1.*

Respondent contends that Crockett's claims are not cognizable or lack merit. *Doc. 8.* Crockett has filed a Reply in further support of his claims. *Doc. 15.*

For the reasons explained below, the Court recommends the dismissal of Crockett's habeas Petition, with prejudice, because his claims are not cognizable in a habeas action.

## II.  Discussion

### A.    Respondent's Claims Are Not Cognizable

A prisoner may maintain a procedural due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest sufficient to trigger the protections of the Fourteenth Amendment. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2002). Liberty interests arising from state law are limited to "freedom from restraint" which "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *or* to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1995).

In a habeas action, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, *such as loss of good time*, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1983) (emphasis added); *see also Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (citing and applying *Kruger*). Thus, for Crockett's claims arising from the disciplinary proceeding to implicate a "liberty interest" capable of making them actionable under § 2254, he must establish that the loss of 500 days of good-time

credit served to lengthen his sentence.[4] As the Court noted in *Sandin*, the "Due Process Clause itself does not create a liberty interest in credit for good behavior." *Id.* at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good-time credit has been created by the state. *Id.*

Arkansas statutory law establishing good-time credit "plainly states '[m]eritorious *good time will not be applied to reduce the length of a sentence*,'" but instead impacts an inmate's "transfer eligibility date." *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (Ark. 2006) (*quoting* Ark. Code Ann. § 12-29-201(d) and (e)(1)) (emphasis added). In *McKinnon,* the Arkansas Supreme Court rejected the state habeas petitioner's claim that his prison sentence had been extended unlawfully because, following a prison disciplinary, his good-time credits were forfeited and his ability to earn future credits was eliminated. According to the Court, "Arkansas has *not* created a liberty interest in good time under the

---

[4] The other punishments Crockett received – 17 days in punitive segregation, reduction in class, and loss of privileges – are not significant enough to be actionable, under either § 2254 or § 1983. Thus, there is no legal basis for recharacterizing Crockett's claims as "potentially viable" § 1983 claims. *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (before dismissing habeas petition raising conditions of confinement claim, district court should consider whether the prisoner has raised a "potentially viable" constitutional claim under § 1983); *see also Phillips v. Norris*, 320 F.3d at 847 (no liberty interest to challenge demotion to segregation and limitations on visitation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation and reclassification to maximum security unit failed to state a due process claim); *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005) (unpublished) (affirming pre-service dismissal of inmate's § 1983 claim challenging reduction in class status and thirty days in punitive isolation).

constitutional analysis in *Wolff v. McDonnell*," (emphasis added).[5]  *Id*. at 408-409, 231 S.W.3d at 730.

The Court's legal conclusion in *McKinnon* is not binding on federal courts.[6] However, courts in the Eastern District of Arkansas have reached the same conclusion under federal law.[7]  As United States Magistrate Judge Beth Deere reasoned in a Recommendation adopted by United States District Judge Leon Holmes:

> Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time until the inmate is eligible for transfer, *i.e.*, consideration of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

---

[5] In *Wolff*, 418 U.S. 539 (1974), Nebraska inmates were permitted to bring due process claims challenging the deprivation of good-time credits.  *See also Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006) (Nebraska inmates possessed a liberty interest in not being "arbitrarily deprived of their good-time credits").  However, *unlike Arkansas*, Nebraska's statutory scheme "created [a] right to good time" resulting in a "shortened prison sentence" which could be "forfeited only for serious misbehavior."  *Wolf*, 418 U.S. at 557.

[6] *Baker v. Carr*, 369 U.S. 186, 211 (1962).

[7] *See, e.g.*, *Day v. Kelley*, Case No. 5:15-cv-00273-KGB (E.D. Ark. April 28, 2016), 2015 WL 10744199, certificate of appealability denied, Case No. 16-2550 (8th Cir. September 9, 2016); *Poole v. Straughn*, Case No. 5:15-cv-00259-JLH (E.D. Ark. Dec. 8, 2015); *Gardner v. Hobbs*, Case No. 5:14-cv-00131-JLH, 2014 WL 2993821 (E.D. Ark. July 3, 2014); certificate of appealability denied, Case No. 14-2789 (8th Cir. Dec. 17, 2014); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH, 2014 WL 1345341 (E. D. Ark. April 4, 2014), certificate of appealability denied, Case No. 14-1930 (8th Cir. Aug. 12, 2014).
Although neither the Eighth Circuit nor the U.S. Supreme Court have addressed this issue, the Eighth Circuit denied a certificate of appealability in *Day*, *supra*; *Gardner*, *supra*; and *Roberts*, *supra*.  By denying a certificate of appealability, the Eighth Circuit found that the inmates challenging prison disciplinaries had failed to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003) (omitting citation and internal quotations).

> There is clearly a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week, even though in both circumstances the inmate is serving his or her sentence. This stark difference is recognized by an inmate's liberty interest in the revocation of parole. But the Supreme Court has long noted the distinction between parole release and parole revocation. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 99 S.Ct. 2100 (1979). The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Id*. at 9. Under Arkansas law, good-conduct time reduces the length of time until an inmate is eligible for parole, but it does not reduce the length of the sentence itself. *See* Ark. Code Ann. § 16-93-614 and Ark. Code Ann. § 12-29-201(d).
>
> In sum, Mr. Roberts has a liberty interest in release at the expiration of his sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

*Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341, *2-3 (E. D. Ark. April 4, 2014), certificate of appealability denied, Case No. 14-1930 (8th Cir. Aug. 12, 2014).  Thus, the Court concludes that the legal analysis in *Roberts* and *McKinnon* are persuasive and squarely support the denial of Crockett's claims.

Finally, Crockett's claims also fail for another reason:  he is serving a *life sentence*.  Under Arkansas law, "[i]nmates sentenced to life imprisonment shall *not* receive meritorious good time calculated on their sentences *unless* the sentence is commuted to a term of years by executive clemency," at which time the inmate "shall be eligible to receive meritorious good time."   Ark. Code Ann. § 12-29-201

(emphasis added); *see also Hobbs v. Turner*, 2014 Ark. 19, at 7, 431 S.W.3d 283, 287) ("Generally, in Arkansas, life means life" and parole is not a possibility.). Thus, unless Crockett's sentence is commuted by executive clemency, the amount of accrued good-time credits can have no possible impact on the length of his sentence. Crockett makes no showing that he is a likely candidate for executive clemency, which is rarely granted. Accordingly, Crockett has no "liberty interest" in the loss of good-time credits.

Because Crockett has failed to show that the loss of good-time credits will have any impact on the length of his sentence, his claim should be denied.

### B. Actual Innocence

Crockett asserts a stand-alone, or free-standing, claim of actual innocence, independent of any separate constitutional violation, for three of the four disciplinary charges against him. *Doc. 1 at pp. 7-8*. The Court's ruling that Crockett has no liberty interest arising from any of the punishment imposed upon him as a result of the challenged disciplinary is dispositive of his "actual innocence" claims. However, these claims are flawed for an additional reason.

While free-standing actual innocence *may* be applicable in the context of a habeas petitioner claiming he is actually innocent of the state court conviction that

led to his current incarceration,[8] the doctrine has no applicability to a prison disciplinary conviction. "[A] petitioner does not meet the threshold requirement [for actual innocence] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (omitting citations).

Even when a prison disciplinary conviction is subject to constitutional review, it must be upheld as long as it was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does *not* require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that *could* support the conclusion reached by the disciplinary board." *Id*. at 455-56 (emphasis added). Finally, "[r]evocation of good time credits is *not* comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other

---

[8] Even in a habeas action challenging the petitioner's underlying criminal conviction, the law is unresolved as to whether a free-standing actual innocence claim is cognizable  *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014) ("The Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error." If recognized, such a claim would require "more convincing proof" than gateway actual innocence).

standard greater than *some evidence* applies in this context." *Id.* at 456 (omitting citations) (emphasis added).

Finally, the legal underpinnings for a claim of "actual innocence" are not capable of being engrafted onto a constitutional challenge to a prison disciplinary.[9] After all, a prison disciplinary requires only "some evidence" to sustain the conviction, and a habeas court is obligated to uphold the findings of an impartial disciplinary hearing officer, even if the only evidence of the alleged disciplinary violation is found in the charging officer's report, which is disputed by the inmate. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Crockett's denial of the facts alleged by Captain Kelly in her report is not a sufficient basis to set aside the disciplinary convictions under the "some evidence" standard. *A fortiori*, it cannot support an "actual innocence" inquiry, even assuming such an inquiry was permitted.

For this additional reason, Crockett's actual innocence claims should be denied.

---

[9] Factually, even *if* Crockett could rely on the actual innocence doctrine to challenge his disciplinary, he fails to satisfy the most fundamental requirement for a petitioner attempting to establish his "actual innocence." The doctrine requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman,* 651 F.3d 947, 951–53 (8th Cir. 2011), *cert. denied,* 133 S.Ct. 137 (2012). Crockett makes no effort to present any "new evidence."

## III. Conclusion

Crockett has failed to demonstrate that he was deprived of a liberty interest protected by the Due Process Clause, and his "actual innocence" claims fail to state cognizable claims for relief.

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus, (*doc. 1*), be DENIED, and that the case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 14th day of March, 2019.

*J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE